**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| v. | Cause No. 3:24-CR-44-CWR-ASH |
| **JOHN WINSTEAD**, | |
| *Defendant*. | |

## ORDER

Before the Court is Mr. Winstead's motion for reconsideration. Docket No. 30. The government has responded, Mr. Winstead has replied, and the matter is ready for adjudication. After reviewing the facts and the law, and for the reasons that follow, the motion will be denied.

*Background and Procedural History*

On May 15, 2024, John Winstead pleaded guilty to a single-count information charging him with depriving a person of rights under color of law, in violation of 18 U.S.C. § 242. Specifically, in September 2021, Mr. Winstead assaulted a handcuffed, non-resisting person who posed no threat, in the face, causing bodily injury. The video recording captured Mr. Winstead saying "good morning, motherfucker." As the government explained, the only reason for striking the person "was for purposes of extrajudicial punishment." Docket No. 24 at 33. It was a clear abuse of power.

On April 28, 2025, this Court sentenced Mr. Winstead to serve 22 months in prison for this crime, to be followed by a period of supervised release. He retained new counsel and

filed the present motion for reconsideration. After securing an extension of his report date, he is now scheduled to report to the Bureau of Prisons on July 21, 2025.

*Arguments*

Mr. Winstead's motion first says he pleaded guilty because he thought his sentence would be probationary. "At no point prior to sentencing was the possibility of incarceration explained to Mr. Winstead by his counsel." Docket No. 30 at 3. More specifically, he claims that his (first) attorneys told him that the government would recommend a probation-only sentence, and that he was blindsided when at sentencing the government recommended an 18-month custodial sentence. *Id.* at 4.

Mr. Winstead then argues that his attorneys provided him constitutionally-ineffective assistance when they failed to call his therapist to testify about PTSD and failed to lodge an "aberrant behavior" objection. *Id.* at 10. Had the objection been made and then sustained by this Court, he contends, his "point total would have been reduced from 15 to 14, and the sentencing range would have been reduced to 15-21 months rather than 18-24 months." *Id.*

Given the above and his resulting distress, Mr. Winstead urges that his sentence be reduced to probation or stayed pending appeal.

*Law*

A trial court's authority to reconsider a sentence has been characterized as "limited" and "very narrow." *United States v. Ross*, 557 F.3d 237, 238-39 (5th Cir. 2009); *see also United States v. Murray*, 700 F.3d 241, 243 (5th Cir. 2012). Under federal law, this Court may not modify Mr. Winstead's sentence unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

2

Mr. Winstead's opening brief does not point to a statute permitting his resentencing, so that leaves Rule 35. That Rule says, as relevant here, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). It adds that "[a]s used in this rule, 'sentencing' means the oral announcement of the sentence." *Id.* at 35(c).

*Discussion*

The first hurdle to Mr. Winstead's motion is the untimeliness of his motion for reconsideration. He was sentenced on April 28, 2025. But this motion was filed on May 30, 2025. That means that any Court action would fall beyond the 14-day window provided by Rule 35(a). *See United States v. Thompson*, 417 F. App'x 429, 432 (5th Cir. 2011). And because that Rule's "time limit is jurisdictional and strictly construed," the untimeliness means this Court lacks authority to use it as an avenue to amend Mr. Winstead's sentence. *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023) (cleaned up).

The second hurdle is that even if this Court had jurisdiction to proceed under Rule 35(a), there was no clear error. The transcript of the 2024 change of plea hearing shows Mr. Winstead repeatedly expressing his understanding that the maximum term of incarceration for his crime was 10 years, that sentencing would be in the Court's discretion, and that he would not be able to withdraw his guilty plea if the Court deviated from the government's recommendation. *See, e.g.*, Docket No. 25 at 18-19 and 22.[1] In 2025, the PSR showed Mr. Winstead that his maximum sentence was 10 years, his calculated Guidelines range was 18-

---

[1] Mr. Winstead's oral representations and acknowledgements were extensive. *See* Docket No. 25 at 12-17. Signed copies of the Plea Agreement and Plea Supplement were discussed at length and made a part of the record. *See* Docket Nos. 9 and 10.

3

24 months' imprisonment, and that he "is ineligible for probation." Docket No. 23 at 16. No one—not the government, and not Mr. Winstead—objected to the PSR. Docket No. 23-1. In fact, Mr. Winstead personally signed off on it, agreeing that it was "correct." Docket No. 23-2. Even at the sentencing hearing the Court reminded Mr. Winstead that he was "ineligible for probation under the guidelines." Docket No. 24 at 6.

Mr. Winstead's reply resists these conclusions. He says he is seeking reconsideration under Federal Rule of Civil Procedure 59(e) rather than Federal Rule of Criminal Procedure 35(a). He argues that he can obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i) without resort to § 3582(c)(1)(B). And he urges the Court to stay the sentence under 18 U.S.C. § 3143(b)(1).

The first of these arguments is foreclosed. Although Mr. Winstead relies upon *United States v. Lewis*, 921 F.2d 563 (5th Cir. 1991) for the proposition that he can seek reconsideration of a sentence under Rule 59(e), Fifth Circuit "case law has since clarified that a district court's authority to modify a sentence of imprisonment is limited to the circumstances authorized by Congress." *United States v. Hoffman*, 70 F.4th 805, 812 (5th Cir. 2023). The circumstances authorized by Congress are confined to § 3582. That statute does not list Federal Rule of Civil Procedure 59(e) as an authority permitting sentence reductions.

The second of Mr. Winstead's reply arguments, meanwhile, is unexhausted. Although § 3582(c)(1)(A)(i) permits sentence reductions when "extraordinary and compelling reasons warrant," it requires defendants to first ask the warden of their facility for such relief, and then wait 30 days. *See id.* § 3582(c)(1)(A). That obviously has not (and could not have) happened yet. *See also Hoffman*, 70 F.4th at 811.

What remains is Mr. Winstead's request for a stay pending appeal. The applicable statute provides the following:

4

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

After weighing the record against this text, the Court is not persuaded that Mr. Winstead has made the necessary showing. Assuming for the moment that he is a person "who has filed an appeal or a petition for a writ of certiorari," as he presumably will file a notice of appeal upon entry of this Order, the Court does not find a substantial question of law or fact likely to result in reversal, a non-custodial sentence, or a sentence shorter than the expected duration of the appeal process. The present record does not show ineffective assistance of counsel that fell below the constitutional standard, much less any that prejudiced Mr. Winstead.[2] *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential."); *Premo v. Moore*, 562 U.S. 115, 127 (2011) ("counsel made a reasonable choice to opt for a quick plea bargain."). In fact, the Court commended Mr. Winstead's counsel for the care, detail, and breadth of his sentencing

---

[2] This preliminary finding regarding ineffective assistance, to be clear, does not foreclose Mr. Winstead from pursuing such a claim in the usual manner.

memorandum and other submissions, describing the memorandum as "one which should be an example for many other attorneys." Docket No. 24 at 36.

All in all, Mr. Winstead received a within-Guidelines sentence in conformity with the law and fully consistent with the information he understood and agreed to when he pleaded guilty and prepared for his sentencing.

*Conclusion*

The motion is denied. Mr. Winstead shall report to the place designated by the Bureau of Prisons at noon on July 21, 2025.

**SO ORDERED**, this the 13th day of June, 2025.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE